# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID HOWELL,

    Petitioner,

vs.

BILL DONAT, et al.,

    Respondents.

Case No. 3:08-CV-00013-LRH-(RAM)

**ORDER**

    Before the Court are the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Respondents' Motion to Dismiss (#16), Petitioner's Opposition (#23), and Respondents' Reply (#24). The Court finds that Petitioner has not exhausted his available state-court remedies for some grounds, and the Court grants the Motion (#16) in part.

    Respondents first argue that two issues are not cognizable in federal court. In Ground 1, Petitioner claims that the trial court abused its discretion when it adjudicated him to be a habitual criminal pursuant to Nev. Rev. Stat. § 207.010. In Ground 2(2),[1] Petitioner claims that the trial court failed to make particularized findings of fact when it adjudicated him to be a habitual criminal. Respondents argue that these issues are not cognizable in federal habeas corpus. However, ultimately these are arguments on the merits of the issues, and it is unnecessary for the Court to determine these questions at this point because Petitioner must first decide what to do with his unexhausted grounds.

---

[1] Respondents label this part of Ground 2 as Ground 2(b).

1    Respondents argue that Petitioner did not exhaust his available state-court remedies for all or
2 part of Grounds 2 through 6 and 7.  Before a federal court may consider a petition for a writ of
3 habeas corpus, the petitioner must exhaust the remedies available in state court.  28 U.S.C.
4 § 2254(b).  To exhaust a ground for relief, a petitioner must fairly present that ground to the state's
5 highest court, describing the operative facts and legal theory, and give that court the opportunity to
6 address and resolve the ground.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam);
7 Anderson v. Harless, 459 U.S. 4, 6 (1982).

8    "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state
9 remedies only if he characterized the claims he raised in state proceedings specifically as federal
10 claims.  In short, the petitioner must have either referenced specific provisions of the federal
11 constitution or statutes or cited to federal case law."  Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir.
12 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001).  Citation to state case law
13 which applies federal constitutional principles will also suffice.  Peterson v. Lampert, 319 F.3d
14 1153, 1158 (9th Cir. 2003) (en banc).  "The mere similarity between a claim of state and federal
15 error is insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional
16 principles, such as due process, equal protection, and the right to a fair trial, are insufficient to
17 establish exhaustion."  Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

18    Respondents argue that Petitioner did not exhaust Ground 2(2).  The record shows that
19 Petitioner did not present this claim to the Nevada Supreme Court, either in his fast track statement
20 on direct appeal, see Ex. 83 (#20-9, p. 1),[2] or in his fast track statement on habeas corpus appeal, see
21 Ex. 85 (#20-9, p. 16).  The Nevada Supreme Court did not consider this claim on its own motion.
22 See Ex. 40 (#20-1, p. 2), Ex. 80 (#20-8, p. 15).  Ground 2(2) is unexhausted.

23    Ground 3 contains ten separate claims of ineffective assistance of trial counsel, and Ground
24 4 contains three separate claims of ineffective assistance of appellate counsel.  Respondents
25 effectively argue that both grounds are completely unexhausted.  Petitioner did not present these
26 claims to the Nevada Supreme Court in his fast track statement on habeas corpus appeal.  See Ex.

---

[2]Page numbers in parentheses refer to the Court's computer images of the documents.

85 (#20-9, p. 16). The Nevada Supreme Court did not consider these claims on its own motion. See Ex. 80 (#20-8, p. 15).[3] Grounds 3 and 4 are unexhausted.

Ground 5 is a collection of various claims, some involving ineffective assistance of counsel, others concerning errors by the trial court or by the prosecution. Petitioner did not present these claims to the Nevada Supreme Court, either in his fast track statement on direct appeal, see Ex. 83 (#20-9, p. 1),[4] or in his fast track statement on habeas corpus appeal, see Ex. 85 (#20-9, p. 16). The Nevada Supreme Court did not consider this claims on its own motion. See Ex. 40 (#20-1, p. 2), Ex. 80 (#20-8, p. 15). Ground 5 is unexhausted.

Ground 7 is a claim that appellate counsel was ineffective for not raising all of the issues that should have been raised on direct appeal. Petitioner further argues that this Court should consider all the issues that appellate counsel should have raised. Petitioner did not present this claim to the Nevada Supreme Court in his fast track statement on habeas corpus appeal. See Ex. 85 (#20-9, p. 16). The Nevada Supreme Court did not consider this claim on its own motion. See Ex. 80 (#20-8, p. 15). Ground 7 is unexhausted.

The Petition (#6) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted Grounds 2(2), 3, 4, 5, and 7, and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust Grounds 2(2), 3, 4, 5, and 7, or he may move to stay this action while he returns to state court to exhaust Grounds 2(2), 3, 4, 5, and 7. If Petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no

---

[3]The Court does not consider whether Petitioner presented these grounds on direct appeal because claims of ineffective assistance of counsel must be raised in a habeas corpus petition. Gibbons v. State, 634 P.2d 1214, 1216 (Nev. 1981).

[4]Page numbers in parentheses refer to the Court's computer images of the documents.

-3-

indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005).

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss (#16) is **GRANTED** in part.

IT IS FURTHER ORDERED that Petitioner shall have thirty (30) days from the date of entry of this Order to do one of the following:  (1) inform this Court in a sworn declaration that he wishes to dismiss Grounds 2(2), 3, 4, 5, and 7 of his Petition (#6), and proceed only on the remaining grounds for relief, (2) inform this Court in a sworn declaration that he wishes to dismiss his Petition (#6) to return to state court to exhaust his state remedies with respect to the claims set out in Grounds 2(2), 3, 4, 5, and 7 of his Petition (#6), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in Grounds 2(2), 3, 4, 5, and 7 of his Petition (#6).  Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that if Petitioner elects to dismiss the aforementioned grounds of his Petition (#6) and proceed on the remaining grounds, Respondents shall file and serve an answer or other response to the remaining grounds within forty-five (45) days after Petitioner serves his declaration dismissing those grounds.  If Respondents file and serve an answer, it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

IT IS FURTHER ORDERED that if Respondents file and serve an answer, Petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED this 2nd day of March, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE