# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID HOWELL,

    Petitioner,

vs.

BILL DONAT, et al.,

    Respondents.

Case No. 3:08-CV-00013-LRH-(RAM)

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#6) and respondents' answer (#28). The court finds that relief is not warranted, and the court denies the petition.

    A customer of a casino won around $50,000 in jackpots. An accomplice of petitioner called him and told him that she had put the winnings, all in cash, into her purse, and that her purse was sitting on the floor next to her. Petitioner entered the casino, took the purse, and ran outside into a waiting car that his accomplice was driving.

    Police arrested petitioner, and he gave an incriminating statement to a detective. Petitioner was charged in the Second Judicial District Court of the State of Nevada with burglary and grand larceny upon a person over 65 years of age.[1] Ex. 7 (#19). The prosecution then filed a notice of intent to seek an adjudication of petitioner as a habitual criminal pursuant to Nev. Rev. Stat.

---

[1] At the time of the offense, for victims over the age of 65, state law required the imposition of a sentence equal and consecutive to the sentence imposed for the underlying crime. Nev. Rev. Stat. § 193.167 (2001).

§ 207.010. Ex. 14 (#19). Petitioner moved to suppress his statement to the detective. Ex. 15 (#19). The state court denied the motion. Ex. 24 (#19). Petitioner then agreed to plead guilty to grand larceny without the age-related enhancement. Ex 26 (#19). The state court conducted a hearing on his change of plea. Ex. 28 (#19). The state court then determined that petitioner was a habitual criminal pursuant to Nev. Rev. Stat. § 207.010, and the court sentenced petitioner to 25 years in prison with parole eligibility commencing after 10 years have been served. Ex. 34 (#19). Petitioner appealed. Ex. 35 (#19). The Nevada Supreme Court affirmed, holding that the trial court did not abuse its discretion in determining that petitioner was a habitual criminal. Ex. 40 (#20).

Petitioner then filed in the state district court a habeas corpus petition. Ex. 43 (#20). The court appointed counsel, who filed a supplement. Ex. 67 (#20). The district court denied the petition. Ex. 69 (#20). Petitioner appealed. Ex. 71 (#20). The Nevada Supreme Court affirmed. Ex. 80 (#20).

Petitioner then commenced this action. Respondents moved to dismiss (#16) the petition because petitioner had not exhausted his available remedies in state court for all of his grounds for relief. The court determined that petitioner had not exhausted 2(2), 3, 4, 5, and 7. Order (#26). Petitioner elected to dismiss them. Decl. (#27). Grounds 1, 2(1), and 6 are ready for decision on the merits.

"A federal court may grant a state habeas petitioner relief for a claim that was adjudicated on the merits in state court only if that adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,'" Mitchell v. Esparza, 540 U.S. 12, 15 (2003) (quoting 28 U.S.C. § 2254(d)(1)), or if the state-court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

> A state court's decision is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court's decision is not "contrary to . . . clearly established Federal law" simply because the court did not cite our opinions. We have held that a state court need not even be aware of our

-2-

precedents, "so long as neither the reasoning nor the result of the state-court decision contradicts them."

Id. at 15-16. "Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003) (internal quotations omitted).

In ground 1, petitioner argues that the state district court abused its discretion in imposing a habitual-criminal sentence upon him. This court cannot grant petitioner relief simply because the state district court abused its discretion. Because petitioner is in custody pursuant to a judgment of conviction of a state court, this court can grant petitioner relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When petitioner appealed the judgment of conviction, the Nevada Supreme Court held:

> The decision to adjudicate a criminal defendant as a habitual criminal is left to the "'broadest kind of judicial discretion.'" The sentencing court "may dismiss a habitual criminal allegation when . . . a habitual criminal adjudication would not serve the purpose of the statute or the interests of justice." "Nevada law requires a sentencing court to exercise its discretion and weigh the appropriate factors for and against the habitual criminal statute before adjudicating a person as a habitual criminal." Although it is easier for this court to determine whether the sentencing court exercised its discretion when it makes particularized findings and specifically addresses the nature of the prior convictions, this court has never required such explicit findings.

Ex. 40, pp. 1-2 (#20) (footnotes omitted, emphasis added by Nevada Supreme Court). Petitioner's allegations show that the prosecution presented the required number of prior convictions to the state court. Sentencing petitioner as a habitual criminal does not require any special findings of fact; the district court need only realize that it has the discretion to dismiss a habitual-criminal count. Tilcock v. Budge, 538 F.3d 1138, 1144 (9th Cir. 2008). A sentencing matter that is left entirely to the discretion of the judge is not a basis for habeas corpus relief from a federal court. See Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002). Ground 1 is without merit. Reasonable jurists would not find this conclusion to be debatable or wrong. Petitioner's claim has no arguable legal support. The court will not grant a certificate of appealability on this issue.

1    In ground 2(1), petitioner alleges that the adjudication of habitual criminality is
2 unconstitutional because the relevant facts of his prior convictions were not presented to a jury. See
3 Apprendi v. New Jersey, 530 U.S. 466 (2000). On this issue, the Nevada Supreme Court held:

> Finally, we note that Howell was not entitled to have the habitual criminal allegation determined by a jury. In O'Neill v. State, this court concluded that Nevada's habitual criminal statute, NRS 207.010, does not violate Apprendi. Specifically, this court clarified that the plain language of NRS 207.010(2) grants the district court discretion to *dismiss* a count of habitual criminality and, therefore, the district court's discretionary determination of the habitual criminal allegation does not serve to increase the punishment.

Ex. 80, p. 3 (#20) (emphasis in original). The Court of Appeals for the Ninth Circuit agrees.
"[S]ection 207.010 does not violate Apprendi. . . ." Tilcock, 538 F.3d at 1145. Ground 2(1) is
without merit. Reasonable jurists would not find this conclusion to be debatable or wrong. The
court of appeals has already decided this exact issue against petitioner's favor. The court will not
grant a certificate of appealability on this issue.

   In ground 6, petitioner claims that his guilty plea was not knowing and voluntary.
He alleges:

> Petitioner was advised as if the State was not going to file notice [of intent to seek habitual-criminal sentence] or had not filed notice of the Habitual Statute. The information was amended over Defense objection. . . . Petitioner relied upon the fact that the notice had not been filed when entering his plea. It is that clear. Petitioner should have been allowed to withdraw his plea and start over.

Petition, p. 13 (#6). A defendant's guilty plea must be entered knowingly and voluntarily, and the
court record must reflect that fact. Brady v. United States, 397 U.S. 742, 748 (1970); Boykin v.
Alabama, 395 U.S. 238, 242-43 (1969). On this issue, the Nevada Supreme Court held:

> We note that Howell was correctly advised in the plea agreement that the State was seeking habitual criminal adjudication, that the habitual criminal determination was discretionary with the district court, and that Howell could potentially receive a maximum prison sentence of life without the possibility of parole. We further note that, although the original habitual criminal allegation was defective, the State filed an amended notice identifying Howell's prior convictions, and the sentencing hearing was continued in accordance with NRS 207.016(2). . . . Accordingly, we conclude that the district court did not abuse its discretion in finding that the guilty plea was valid and that counsel were not ineffective.

Ex. 80, p. 3 (#20). Petitioner knew that the prosecution wanted to seek an adjudication of petitioner
as a habitual criminal. The prosecution filed a notice of that intent on March 4, 2004, more than a
month before petitioner decided to plead guilty. Ex. 14 (#19). At the hearing on petitioner's

1  change of plea, his counsel noted that the prosecution had the option to seek an adjudication of
2  petitioner as a habitual criminal. Ex. 28, p. 4 (#19). The judge informed petitioner of the possible
3  sentences that he could receive if the judge determined that petitioner was a habitual criminal. Id.,
4  p. 8 (#19). Petitioner understood. Id.

5  The defect with the notice of intent to seek habitual-criminal status is one of form only,
6  because petitioner was put on notice before he pleaded guilty that the prosecution wanted to seek
7  adjudication of petitioner as a habitual criminal. The state district court noted that when a criminal
8  matter is proceeding through an information, the correct way to notify the defendant is to include a
9  count charging habitual criminality in the information. The filing of a notice of intent to seek
10 habitual criminality is used when an indictment is found. Ex. 31, p. 4 (#19). The prosecution
11 solved the problem by filing a second amended information on May 28, 2004. Ex. 32 (#19). The
12 state district court then held the sentencing hearing on June 16, 2004. Ex. 33 (#19). The date of the
13 sentencing hearing satisfied the requirement of Nev. Rev. Stat. § 207.016(2), that a hearing on the
14 habitual-criminal count must be held no earlier than 15 days after the filing of the count. Those acts
15 simply took care of the legal formalities. At the time petitioner entered his plea, he knew that the
16 prosecution was seeking adjudication of him as a habitual criminal, and he understood the
17 consequences if the court determined that he was a habitual criminal. The Nevada Supreme Court
18 reasonably applied Brady. 28 U.S.C. § 2254(d)(1). Reasonable jurists would not find this
19 conclusion to be debatable or wrong. Not only does petitioner's claim lack any factual support, the
20 facts actually show the opposite of what petitioner claims. The court will not grant a certificate of
21 appealability on this issue.

22 IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus (#6) is
23 **DENIED**. The clerk of the court shall enter judgment accordingly.
24 DATED this 17th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE